UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN E. HINKLE, | ) | CASE NO. 1:24-CV-1649 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| OSU HOSPITAL, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Bryan E. Hinkle, an inmate in the Mansfield Correctional Institution, filed this action against the Ohio State University Hospital. (ECF No. 1, PageID #1–2). Plaintiff's complaint is brief. He contends that from August 2015 to October 2023, he had three surgeries to repair an inguinal hernia. (*Id*. at PageID #3–5). Plaintiff alleges that the last two surgeries were caused by faulty mesh used to repair the hernia. (*Id*. at PageID #3). He states that Defendant "needs to be held accountable for their medical mishaps." (*Id*. at PageID #5). He does not specify the damages he seeks.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleadings in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. DISCUSSION

As an initial matter, the Northern District of Ohio is the wrong venue for this action. A civil action may be brought only in: (1) a judicial district where Defendant resides, if all Defendants reside in the state in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which Defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). The Ohio State University Hospital is located in Columbus, Ohio. Columbus is within the geographical boundaries of the Southern District of Ohio. Moreover, the events giving rise to Plaintiff's claims occurred in Columbus, Ohio. The Southern District of Ohio is the proper venue for this case.

When venue is improper, the case must be dismissed unless it is "in the interest of justice"

2

that it be transferred to a district or division in which it could have been brought. 28 U.S.C. § 1406(a). Plaintiff, however, failed to establish a basis for federal court jurisdiction. The Court therefore finds that it would not be in the interest of justice to transfer this matter and dismisses this action pursuant to 28 U.S.C. § 1915(e).

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. 28 U.S.C. §§ 1331 and 1332. The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, Plaintiff must establish that he is a citizen of one state and Defendant is a citizen of another state. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff is incarcerated in the Mansfield Correctional Institution, in Mansfield, Ohio. (ECF No. 1, PageID #2–3). He does not list any other address for himself. (*Id*. at PageID #3). Defendant is an Ohio hospital. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc*., 76 F.App'x 644, 645 (6th Cir. 2003). The complaint suggests that Plaintiff and Defendant both are citizens of Ohio. In this case, federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignore[s] potential defenses." *Mikulski v. Centerior Energy Corp*., 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law, or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding pro se and pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a pro se

4

petition 'to encompass any allegation stating federal relief.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). Even with liberal construction, Plaintiff failed to identify a federal question in this case. He appears to assert a claim for medical malpractice. (ECF No. 1, PageID #4). Medical malpractice claims are governed by state tort law, so they do not raise a federal question.

Even if this Court construed the complaint as an attempt to assert a constitutional violation, Plaintiff would fail to state a claim. The only potential cause of action he could raise in this context would be under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not "involve unnecessary and wanton infliction of pain" or be "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Prisoners are not entitled to unqualified access to the medical treatment of their choice. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Plaintiff must, at a minimum, allege "deliberate indifference to his serious medical needs" to raise an Eighth Amendment challenge. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*.

Here, Plaintiff names only the hospital as the Defendant. The actions of individual doctors and nurses, alone, do not reflect deliberate indifference by the hospital itself. Negligence is also not enough to establish deliberate indifference. *Farmer*, 511 U.S. at 835. The deliberate

indifference standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). Plaintiff states only that the mesh was faulty, and this required him to have multiple surgeries. Those allegations do not support a claim that rises above tort law to the level of a constitutional violation.

## IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: November 21, 2024

*/s/ Charles Fleming*
_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**